Strafford, }
Dec. 1, 1908. }

## McGill, *Trustee*, v. Young & a.

Where a will provides for the support of the testator's son out of the income of the estate, and in the same connection directs the payment of "all the money that may be necessary for his comfort and support," the trustee is authorized to expend the principal for the prescribed purpose, in the event of insufficiency in income.

BILL IN EQUITY, for a further construction of the will of Emerson Furber. Transferred from the September term, 1907,

of the superior court by *Stone*, J. The will is that considered in *Demeritt* v. *Young*, 72 N. H. 202. It now appears that the income of the estate is insufficient to enable the trustee to care for the testator's son Frank.

*Kivel & Hughes* and *George E. Cochrane*, for the plaintiff.

*Arthur G. Whittemore*, for the defendant Leighton.

Young, J. It was held in *Demeritt* v. *Young*, 72 N. H. 202, 204, that the testator intended to provide for the comfortable support of his son by giving the estate to the trustee to hold for that purpose, and that what was left at the son's death should be divided among those more remotely related to the testator. The question now before the court is whether the testator intended to limit the money available for the support of the son to the net income of the estate.

Although the testator says in the clause of his will in which the provision for the support of his son appears, that the trustee shall support him out of the net income of the estate, it is highly improbable it was intended to limit the trustee to that fund and to forbid him to use the principal if at any time the income should be insufficient for the purpose; for the will says in the same connection, that the trustee shall " pay . . . to my son, Frank Furber, during his natural life, all the money that may be actually necessary for his comfort and support in sickness or health, at such times and such places as may be expedient under all circumstances, relative to justice; look after said Frank with a diligent exercise of your best powers relative to good care and no *abuse*." When the testator directed that his trustee should use what money was actually necessary to take good care of the son, it is probable that he meant it. Consequently that is the trustee's duty; and since the net income will not suffice, he must use so much of the principal as is necessary for that purpose.

*Case discharged.*

All concurred.